## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **JULIETTE MURDOCH,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. RWT 12-cv-2234 |
| | * | |
| **ROSENBERG & ASSOCIATES, LLC,** | * | |
| ***et al.,*** | * | |
| | * | |
| Defendants. | * | |
| | * | |

## MEMORANDUM OPINION

On January 10, 2012, Plaintiff Juliette Murdoch, on behalf of herself and as a class, filed this action in the United States District Court for the District of Columbia against Defendants Rosenberg & Associates, LLC ("Rosenberg LLC"), and its managing member and partner, Diane Rosenberg, Esq. ("Rosenberg"). (Doc. No. 1, ¶ 1). Murdoch's Complaint alleged that Defendants' form debt collection notices, one of which Defendants sent to Murdoch, violated "federal and state laws on a class-wide basis." *Id.* Murdoch asserted that Defendants' debt collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-301, *et seq.* ("MCPA"), the Maryland Consumer Debt Collection Act, *id.* § 14-201, *et seq.* ("MCDCA"), and the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901, *et seq.* ("DCCPPA"). *Id.*

On February 16, 2012, Rosenberg LLC filed a Motion to Dismiss, requesting that the court dismiss Murdoch's Complaint for lack of subject-matter jurisdiction, improper venue, and failure to state a claim upon which relief may be granted. (Doc. No. 9). On March 9, 2012, Rosenberg also filed a Motion to Dismiss on similar grounds. (Doc. No. 14). On May 9, 2012,

Murdoch filed a Motion to Stay Class Certification Briefing Pending Discovery.  (Doc. No. 17).

On May 23, 2012, Defendants jointly filed a Motion to Strike Class Action Allegations pursuant

to Federal Rule of Civil Procedure 7(b) and Local Civil Rule 23.1(b) (D.D.C.).  (Doc. No. 19).

On July 11, 2012, Judge Richard W. Roberts of the United States District Court for the District

of Columbia issued a Memorandum Opinion and Order (Doc. No. 23) denying in part

Defendants' Motions to Dismiss (Doc. Nos. 9, 14) for improper venue and transferring the case

to this District "in the interest of justice" pursuant to 28 U.S.C. § 1406(a), and noting that "[a]ll

remaining motions are left for decision by the transferee district court."  (Doc. No. 23, at p. 12);

*see* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in

the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case

to any district or division in which it could have been brought.").

Thereafter, on August 8, 2012, Murdoch filed in this Court a Notice of Voluntary

Dismissal of Counts II and IV, dismissing without prejudice her claims under the MCPA and the

DCCPPA as to both Defendants, thus leaving for resolution the motions to dismiss as to her

causes of action under the FDCPA and the MCDCA.  (Doc. No. 28).  On the same day,

Murdoch filed a Motion to Certify a Class Against Defendants, Appoint Named Plaintiff as

Class Representative, and Appoint Class Counsel ("Motion to Certify").  (Doc. No. 29).

Defendants jointly filed an Opposition to Murdoch's Motion to Certify on September 10, 2012

(Doc. No. 38), and Murdoch filed a Reply on September 24, 2012 (Doc. No. 39).  On December

20, 2012, this Court held a hearing on all pending motions in this matter.  (Doc. Nos. 30, 42).

## DISCUSSION

**I.     The Complaint Fails to State a Claim for Which Rosenberg Can Be Held Individually Liable for Alleged Business Conducted in Furtherance of Her LLC.**

In her Motion to Dismiss (Doc. No. 14), Rosenberg moves to dismiss Murdoch's Complaint pursuant to Rule 12(b)(1) (lack of subject-matter jurisdiction), Rule 12(b)(3) (improper venue), and Rule 12(b)(6) (failure to state a claim upon which relief can be granted) of the Federal Rules of Civil Procedure.  Rosenberg's Motion to Dismiss as to the issue of improper venue has been resolved by the transferor court.   (Doc. No. 23).   This Court will grant Rosenberg's Motion to Dismiss all claims against her under Rule 12(b)(6) because Murdoch has failed to state a claim against Rosenberg in her individual capacity such that relief can be granted.  The Court will not reach Rosenberg's arguments pursuant to Rule 12(b)(1), which address the now dismissed claims brought under the DCCPPA.

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of [her] "entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Here, Murdoch fails to allege sufficient factual support in her Complaint that Rosenberg personally violated any section of the FDCPA or the MCDCA as a "debt collector" or otherwise. *See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading

3

representation or means in connection with the collection of any debt."); *Id.* § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."); *id*. § 1692j(a) ("It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating."); Md. Code. Ann., Com. Law § 14-202(9) ("In collecting or attempting to collect an alleged debt a collector may not . . . [u]se a communication which simulates legal or judicial process or gives the appearance of being authorized, issued, or approved by a government, governmental agency, or lawyer when it is not.").

Murdoch only alleges that Rosenberg "is the managing member and named partner in charge of" Rosenberg LLC, and that she is "responsible for the FDCPA violations committed by the debt collection law firm she manages."   (Doc. No. 1, ¶ 6).   She alleges that Rosenberg "created, implemented, and managed a debt collection operation that submits form debt collection notices that represent or imply that its communications were from an attorney in violation of 15 U.S.C. § 1692e(3)."   *Id.* ¶ 36.   Murdoch's claim under the MCDCA is listed among three consolidated counts in her Complaint relating to the MCPA, MCDCA, and the DCCPPA, and she alleges that Defendants' debt collection practices violate these "referenced state laws." *Id.* ¶ 42.   While Rosenberg's name appears on the letter at issue, the Complaint fails to allege that Rosenberg took sufficient personal action with respect to Murdoch or her debt in order to state a plausible claim under any section of the FDCPA or the MCDCA.   Because Murdoch's allegations in her Complaint as to Rosenberg are "'naked assertion[s]' devoid of 'further factual enhancement,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Papasan v.*

*Allain*, 478 U.S. 265, 557 (1986)), the Court will dismiss all claims against Rosenberg for failure to state a claim upon which relief can be granted.

In addition, the Court finds another independent ground for dismissing all claims against Rosenberg for conduct allegedly committed in furtherance of Rosenberg LLC.  Under Maryland law, no member of an LLC "shall be personally liable for the obligations of the limited liability company, whether arising in contract, tort or otherwise, solely by reason of being a member of the limited liability company."  Md. Code. Ann, Corps. & Ass'ns § 4A-301; *id.* § 4A-301.1(c) ("The personal liability of a member of a domestic or foreign limited liability company that provides professional services is no greater in any respect than the liability of a member of a limited liability company which is not engaged in rendering professional services."); *id.* § 4A-302 ("A member of a limited liability company is not a proper party to a proceeding by or against a limited liability company, solely by reason of being a member of the limited liability company . . . .").  Murdoch has not alleged any basis for this Court to pierce the LLC's veil, or made any particularized allegations of fraud such that Rosenberg can be held liable for conduct allegedly performed in furtherance of her LLC.  Accordingly, the Court will dismiss all claims against Rosenberg.

## II.    Murdoch's Claims Against Rosenberg LLC Must Be Dismissed, Except for Her Claims Pursuant to 15 U.S.C. § 1692e.

On February 16, 2012, Rosenberg LLC filed its Motion to Dismiss.  (Doc. No. 9).  It argues that Murdoch fails to state a claim under Section 1692j of the FDCPA because the Complaint does not contain allegations that Rosenberg LLC created a false belief that it was involved in collecting a debt.  *Id.* at p. 8.  Section 1692j provides that it "is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the

collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating."  15 U.S.C. § 1692j(a).

Murdoch's Complaint defeats her own claim under Section 1692j of the FDCPA, because it alleges that Rosenberg LLC *was* involved in the collection of her debt, and the letter in question states that Rosenberg LLC was in fact involved in collecting a debt.  (Compl., Doc. No. 1, ¶¶ 15, 16) (noting that Murdoch's "debt was . . . referred to Defendant for collection and foreclosure," and that "Defendant sent to Plaintiff its form debt collection letter."); *id.* Ex. A, Doc. No. 1-1 (debt collection letter from Defendant containing Rosenberg LLC's letterhead, names of attorneys, and noting that Murdoch's loan had been referred to it for legal action). Accordingly, Murdoch's Complaint fails to allege that Rosenberg LLC's conduct created a "false belief" subjecting it to liability under Section 1692j.  Therefore, all claims under Section 1692j against Rosenberg LLC will be dismissed.  *See Rumpler v. Phillips & Cohen Associates, Ltd.*, 219 F. Supp. 2d 251, 260 (E.D.N.Y. 2002) (finding that a plaintiff's allegation under Section 1692j that a defendant "was not participating in the debt collection process [was] belied by her own allegation that her debt . . . was 'referred to [defendant] for collection.'").

Rosenberg LLC also argues that Murdoch fails to state a claim under Section 1692f of the FDCPA because she "does not allege that Defendant committed any of the eight offenses enumerated in § 1692f," "[n]or does she allege any misconduct beyond that which she asserts violates other provisions of the FDCPA."  (Doc. No. 9, at p. 1`).  Section 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," and lists eight examples of such means.  15 U.S.C. § 1692f.

Here, Murdoch fails to "specifically identify how [Rosenberg LLC's] conduct was . . . unfair or unconscionable under section 1692f," and such failure "warrants dismissal of this

claim." *Taylor v. Heath W. Williams, L.L.C.*, 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007). Murdoch does not allege that Rosenberg LLC used any of the eight means listed in Section 1692f, or otherwise allege misconduct other than that which she asserts violates other provisions of the FDCPA. Murdoch only asserts in conclusory fashion that "Defendant's standard debt collection notices violate the [FDCPA], specifically 15 U.S.C. §§ 1692j(a), 1692e(3), 1692e(10), and 1692f." (Compl., Doc. No. 1, ¶ 37.). Murdoch's bare allegations with respect to Section 1692j fail to state a claim for which relief can be granted and will therefore be dismissed.

Rosenberg LLC also argues that Murdoch fails to state a claim under the MCDCA because she "does not allege which, if any, of the nine practices proscribed by the MCDCA the Defendant committed," and "fails to allege facts sufficient to establish Defendant's violation of the . . . MCDCA, or that Murdoch suffered any actual damages." (Doc. No. 9, at p. 12). Murdoch does not specifically set forth the portion(s) of the MCDCA that Rosenberg LLC allegedly violated. Section 14-202(8) of the MCDCA provides that, "[i]n collecting or attempting to collect an alleged debt a collector may not . . . [c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Md. Code. Ann., Com. Law § 14-202(8). "This has been held to mean that a party may not attempt to enforce a right with actual knowledge or with reckless disregard as to the falsity of the existence of the right." *Kouabo v. Chevy Chase Bank, F.S.B.*, 336 F. Supp. 2d 471, 475 (D. Md. 2004). Here, Murdoch does not allege that Rosenberg LLC attempted to collect a debt that she did not owe, and, accordingly, her claim cannot rest on Section 14-202(8) of the MCDCA.

Section 14-202(9) of the MCDCA makes it unlawful to "[u]se a communication which simulates legal or judicial process or gives the appearance of being authorized, issued, or approved by a government, governmental agency, or lawyer when it is not." Md. Code. Ann.,

Com. Law § 14-202(9).  Once again, Murdoch fails to plead sufficient factual support to show, and the notice itself does not suggest, that the communication falsely "gives the appearance of being authorized, issued, or approved" by the government or a lawyer.  *See* Compl., Doc. No. 1, Ex. A.  No other section of the MCDCA could apply to Murdoch's allegations, and therefore the Court will dismiss Murdoch's conclusory claims against Rosenberg LLC made under the MCDCA for failure to state a claim.

Rosenberg LLC does not argue that Murdoch has failed to state a claim for which relief can be granted under Section 1692(e) of the FDCPA.  Murdoch alleges that by sending the debt collection notice at issue to her, Rosenberg LLC violated Sections 1692(e)(3) and (10), which provide as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> * * *
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692(e)(3), (10).  Murdoch's claims under Section 1692(e) of the FDCPA—only against Rosenberg LLC—are the sole remaining claims in Murdoch's Complaint that remain to be adjudicated.

### III.    Murdoch's Motion to Certify Fails to Satisfy Procedural Rules and Substantive Requirements of Rule 23.

The Court next turns to Murdoch's Motion to Certify.  (Doc. No. 29).  Murdoch moves to certify two proposed classes: (1) FDCPA Class: All recipients of Defendants' form debt collection notice from January 11, 2011, to the present; and (2) MCDCA Class: All recipients of

Defendants' form debt collection notice from January 11, 2009, to the present. (Doc. No 29, at p. 1). Under the MCDCA, Murdoch "seeks certification as to liability only." *Id.* Murdoch moves for an appointment as Class Representative and for her counsel to be appointed Class Counsel. *Id.* at p. 2. Murdoch relies in her Motion to Certify on a deposition of Rosenberg from a previous action, which allegedly corroborates allegations in the Complaint that attorneys at Rosenberg LLC fail to "actually verify the creditors' claims and review the consumers' accounts" when attorneys send debt collection and foreclosure notices. (Doc. No. 29-1, at pp. 3-5).

### A. Murdoch Did Not Timely Move to Certify.

Murdoch filed her Complaint in the United States District Court for the District of Columbia on January 10, 2012. (Doc. No. 1). On May 9, 2012, she filed in the same court a Motion to Stay Class Certification Briefing Pending Discovery. (Doc. No. 17). On May 23, 2012, Defendants filed in the transferor court an Opposition to Murdoch's Motion to Stay, as well as a Motion to Strike Class Action Allegations, citing Local Civil Rule 23.1(b) of the United States District Court for the District of Columbia. (Doc. Nos. 18, 19). This Court finds that Murdoch's Motion to Stay Class Certification Briefing Pending Discovery (Doc. No. 17) is moot, because the issue of class certification has been fully briefed by both parties and also was argued before this Court in a hearing on December 20, 2012. (Doc. Nos. 29, 38, 39, 42).

The Court first notes that Defendants' Motion to Strike Class Action Allegations (Doc. No. 19) remains outstanding. Defendants' Motion to Strike is well-taken because of United States District Court for the District of Columbia Local Civil Rule 23.1(b):

> Within 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the court in the exercise of its discretion has extended this period, the plaintiff shall move for a certification under Rule 23(c)(1), Federal Rules of Civil Procedure, that the case may be so maintained. In ruling upon the motion, the court may allow the action to be so maintained, may deny the motion, or may order that a ruling be postponed pending discovery or other appropriate

preliminary proceedings.  A defendant may move at any time to strike the class action allegations or to dismiss the complaint.

Here, Murdoch failed to move for class certification or timely request an extension of her deadline to so move within the 90-day period prescribed by Local Civil Rule 23.1(b).  This 90-day deadline is strictly enforced, and had expired before the case was transferred to this Court. *See Howard v. Gutierrez*, 474 F. Supp. 2d 41, 53-54 (D.D.C. 2007) ("Local Rule 23.1(b) and its predecessors have been strictly applied in this Circuit. . . .  Accordingly, the [United States] Court of Appeals [for the District of Columbia Circuit] has affirmed a district court's denial of a motion for an extension of time to move for certification that was filed a mere eleven days late.").  Murdoch has failed to show "good cause" or "excusable neglect" under Rule 6(b) of the Federal Rules of Civil Procedure for this Court to excuse her failure to comply with the 90-day deadline.  Accordingly, the Court finds that Murdoch's lack of compliance with United States District Court for the District of Columbia Local Civil Rule 23.1(b) is, on its own, a reason that the Court cannot grant her Motion to Certify.

### B.      Murdoch Fails to Satisfy Rule 23(a).

Even if Murdoch had timely filed her Motion to Certify, her Motion must still be denied because it fails to satisfy Rule 23 of the Federal Rules of Civil Procedure.  Rule 23(a) provides that "[o]ne or more members of a class may sue . . . as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  "[T]he final three requirements of Rule 23(a) 'tend to merge,' with commonality and typicality 'serving as guideposts for determining whether . . . maintenance of a class action is economical and

whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Brown v. Nucor Corp.*, 576 F.3d 149, 152 (4th Cir. 2009) (citation omitted); *see also Ealy v. Pinkerton Gov't Servs., Inc.*, No. 12-1252, 2013 WL 980035, at *5 (4th Cir. Mar. 14, 2013) (unpublished) (noting that a trial court must engage in a "rigorous analysis" of Rule 23's prerequisites for class certification).

Here, Murdoch utterly fails to satisfy the four requirements in Rule 23(a) necessary for her to certify either proposed class. She does not meet Rule 23(a)(1)'s numerosity requirement, because her allegations concerning the class number are conclusory and vague. *See, e.g.*, Mot. to Certify, Doc. No. 29-1, at p. 16 ("There are literally thousands of proposed class members."). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate [her] compliance with the Rule—that is, [s]he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __ , 131 S. Ct. 2541, 2551 (2011). The Court finds that Murdoch has failed to demonstrate the numerosity element of Rule 23(a) by identifying the number of putative class members with sufficient factual or legal support.

Murdoch also fails to satisfy the final three requirements of Rule 23(a); namely, commonality, typicality, and adequacy of representation. She fails to satisfy "commonality" because the Court is unable to make a number of individualized findings necessary to determine whether Defendants are potentially liable to each member of the proposed classes, including whether each member of the class received the same or similar notice, whether such notice was reviewed by an attorney, and whether the member has a viable claim under applicable statute of limitations and *res judicata* principles. The inability of this Court to make these necessary

determinations leads to the inescapable conclusion that Murdoch has failed to show that the classes are interrelated and has "not established the existence of any common question" that predominates over individual ones. *Dukes*, 131 S. Ct. at 2556-57.  Similarly, the Court cannot conclude that Murdoch's "claims and defenses are typical of the [classes'] claims and defenses," and therefore Murdoch has not met the "typicality" element. *Monroe v. City of Charlottesville*, 579 F.3d 380, 384 (4th Cir. 2009).

Finally, Murdoch has not demonstrated the "adequacy of representation" element of Rule 23(a).  "To satisfy Rule 23(a)(4), a class representative must, among other factors, be of a character to vigorously pursue the case." *Monroe*, 579 F.3d at 385.  7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1766 (3d ed. 2005).  The Court has serious reservations regarding whether Murdoch and her counsel could adequately represent the proposed classes.  First, it is not apparent, what, if any, damages Murdoch incurred from receiving the notice at issue.  If she is not damaged, her incentive to vigorously pursue the case on behalf of the classes would seemingly diminish.   Second, Murdoch has failed to demonstrate that her "attorneys are qualified, experienced and able to conduct the litigation." *Cuthie v. Fleet Reserve Ass'n*, 743 F. Supp. 2d 486, 499 (D. Md. 2010).  On February 27, 2013, the Court granted attorney Jimmy R. Howell, Jr.'s Motion for Leave to Withdraw from representing Murdoch in this action,[1] *see* Doc. Nos. 43, 44, leaving Howell's associate, Ian Stumpf, as Murdoch's lone attorney in this matter.  Although Mr. Stumpf may not be lacking in zeal or diligence, he has insufficient experience in certifying and representing classes to serve as class counsel in this case because he "has not had a class certified in any federal district courts in

---

[1]      On March 21, 2013, Howell's membership in the bar of this Court was stricken and he was publicly reprimanded for misrepresentations in connection with his admission to this Court's bar. *See In Re Jimmy Ray Howell, Jr.*, Misc. Case No. 12-mc-224 (Doc. No. 3).

Maryland, the District of Columbia, or Virginia."  (Doc. No. 38, at pp. 24-25).

     **C.**    **Murdoch Fails to Satisfy Rule 23(b).**

     In addition to complying with Rule 23(a), the class must satisfy one of the requirements set forth in Rule 23(b).  Rule 23(b)(3), relied upon by Murdoch, permits a party to maintain a class action if the Court "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in a particular forum; and (D) the likely difficulties in managing a class action."  Fed. R. Civ. P. 23(b)(3)(A)-(D).

     Where "individual issues would . . . likely 'overwhelm' the common ones," this may "preclude the court from finding satisfaction of the predominance requirement of Rule 23(b)(3)."  *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 363 (4th Cir. 2004).  Murdoch relies heavily in her Motion to Certify on Rosenberg's deposition testimony from a prior, unrelated case.  Although the Court has grave reservations regarding whether this testimony is admissible under Rule 32 because it seems to come from an action involving different subject matters, parties, and/or representatives, it need not decide this question.  *See* Fed. R. Civ. P. 32(a)(8) ("A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action.").  Even considering this prior deposition, Murdoch cannot satisfy Rule 23(b)(3) because common

questions of fact do not predominate over individual questions, and a class action is not a superior vehicle to adjudicate the proposed class members' rights.

"Rule 23(b)(3)'s predominance requirement is 'far more demanding' than Rule 23(a)'s commonality requirement and 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Gariety*, 368 F.3d at 362 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997)). As Defendants note in their Opposition, "the Court would have to undertake a number of individual factual inquiries, including: (1) which members of the proposed class actually received a debt collection notice from [Defendants]; (2) what review process was in place when each individual notice was sent by [Defendants]; (3) whether an attorney actually reviewed the relevant file before each notice was sent; (4) whether the claims of each proposed class member are barred by *res judicata*; and, for the proposed MCDCA class, (5) whether each proposed class member was actually damaged by receipt of the notice." (Doc. No. 38, at pp. 12-13). The classes Murdoch proposes are not sufficiently cohesive to satisfy the "predominance" requirement of Rule 23(b)(3).

Finally, the Court cannot conclude "that the class action method is inferior to the test-case-with-future-individual-actions method." *Stillmock v. Weis Markets, Inc.*, 385 Fed. App'x 267, 274 (4th Cir. 2010). Specifically, the Court is unconvinced that more than a *de minimis* recovery is available to the proposed classes should they be certified. Individual plaintiffs could recover statutory and actual damages, as well as attorneys' fees, if their FDCPA actions are successful. *See* 15 U.S.C. § 1692k. Moreover, Murdoch's proposed "liability" MCDCA class would actually require class members to bring individual suits to prove causation and damages. *See* Md. Code Ann., Com. Law § 14-203 (providing for "damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without

14

accompanying physical injury.").   In sum, Murdoch has not demonstrated that all of the elements of Rule 23 are met for either of her proposed classes.  Therefore, the Court will deny her Motion to Certify.  (Doc. No. 29).

### CONCLUSION

For the foregoing reasons, the Court will grant Defendant Rosenberg & Associates, LLC's Motion to Dismiss (Doc. No. 9), grant Defendant Diane Rosenberg, Esq.'s Motion to Dismiss (Doc. No. 14), deny as moot Plaintiff's Motion to Stay Class Certification Briefing Pending Discovery (Doc. No. 17), grant Defendants' Motion to Strike Class Action Allegations (Doc. No. 19), and deny Plaintiff's Motion to Certify a Class Against Defendants, Appoint Named Plaintiff as Class Representative, and Appoint Class Counsel (Doc. No. 29).  A separate order will follow.


Date: <u>March 22, 2013</u>                                      /s/
                                     ROGER W. TITUS
                                     UNITED STATES DISTRICT JUDGE