## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| JULIETTE MURDOCH )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROSENBERG & ASSOCIATES, LLC *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 8:12-cv-02234-RWT |

### ANSWER

Defendant Rosenberg & Associates, LLC ("R&A"), by counsel, states the following for its Answer to Plaintiff's Complaint ("Complaint"):

1. By Order dated March 22, 2013 (Docket No. 46), the Court (i) dismissed all claims in Plaintiff's Complaint against Defendant Diane Rosenberg, Esq. and terminated her as a party to this action; (ii) dismissed all claims in Plaintiff's Complaint except for Plaintiff's claims pursuant to 15 U.S.C. § 1692e of the Fair Debt Collection Practices Act against Defendant R&A; and (iii) struck the class action allegations in Plaintiff's Complaint. Accordingly, no response to those allegations in paragraph 1 is required. R&A denies that it violated any statute or applicable law and demands strict proof thereof. The remaining allegations in paragraph 1 of Plaintiff's Complaint are legal conclusions to which no response is required, but to the extent any response is required, R&A denies the allegations of paragraph 1 of Plaintiff's Complaint.

### I.    THE PARTIES

2. R&A lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of Plaintiff's Complaint and, therefore, denies the same.

3. R&A lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of Plaintiff's Complaint and, therefore, denies the same.

4. R&A lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of Plaintiff's Complaint and, therefore, denies the same.

5. In response to paragraph 5, R&A admits that it is a limited liability company organized under the laws of the state of Maryland, that it is authorized to conduct business in the District of Columbia, Virginia, and Maryland, and that it sends notices to consumers. R&A denies the remaining allegations in paragraph 5 of Plaintiff's Complaint.

6. In response to paragraph 6, R&A admits that Diane Rosenberg, Esq., is the named partner and managing member of R&A. R&A denies the remaining allegations in paragraph 6 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

7. In response to paragraph 7, R&A adopts and incorporates by reference its responses to the allegations contained in paragraphs 1 through 6 above.

8. Paragraph 8 of Plaintiff's Complaint contains legal conclusions to which no response is required, but to the extent any response is required, R&A denies the allegations of paragraph 8 of Plaintiff's Complaint.

9. Paragraph 9 of Plaintiff's Complaint contains legal conclusions to which no response is required, but to the extent any response is required, R&A denies the allegations of paragraph 9 of Plaintiff's Complaint.

10. Denied.

11. Paragraph 11 of Plaintiff's Complaint contains legal conclusions to which no response is required, but to the extent any response is required, R&A denies the allegations of paragraph 11 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

12. R&A lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of Plaintiff's Complaint and, therefore, denies the same.

13. In response to paragraph 13, R&A admits that Plaintiff has a mortgage debt secured by property. R&A lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13 of Plaintiff's Complaint and, therefore, denies the same.

14. Paragraph 14 of Plaintiff's Complaint contains legal conclusions to which no response is required, but to the extent any response is required, R&A lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of Plaintiff's Complaint and, therefore, denies the same.

15. In response to paragraph 15, R&A admits that Plaintiff defaulted on a debt secured by property, and that subsequently, Plaintiff's mortgagee sent Plaintiff's mortgage file to R&A and requested that R&A begin a foreclosure proceeding pursuant to Maryland law. R&A denies the remaining allegations in paragraph 15 of Plaintiff's Complaint.

16. In response to paragraph 16, R&A states that the document identified as Exhibit A to Plaintiff's Complaint speaks for itself, and R&A denies any allegations inconsistent therewith.

17. Denied.

## COUNT I
### (Violations of the Fair Debt Collection Practices Act)

18. In response to paragraph 18, R&A adopts and incorporates by reference its responses to the allegations contained in paragraphs 1 through 17 above.

19. Paragraph 19 of Plaintiff's Complaint contains legal conclusions to which no response is required, but to the extent any response is required, R&A denies the allegations of paragraph 19 of Plaintiff's Complaint.

20. Paragraph 20 contains Plaintiff's characterization of the letter attached to Plaintiff's Complaint as Exhibit A.  In response to these allegations, R&A states that the document identified as Exhibit A speaks for itself, and R&A denies any allegations inconsistent therewith.

21. In response to paragraph 21, R&A states that the document identified as Exhibit A to Plaintiff's Complaint speaks for itself, and R&A denies any allegations inconsistent therewith.

22. In response to paragraph 22, R&A states that the document identified as Exhibit A to Plaintiff's Complaint speaks for itself, and R&A denies any allegations inconsistent therewith.

23. Denied.

24. Denied.

25. Denied.

26. Paragraph 26 contains Plaintiff's characterization of the letter attached to Plaintiff's Complaint as Exhibit A.  In response to these allegations, R&A states that the document identified as Exhibit A speaks for itself, and R&A denies any allegations inconsistent therewith.

27. Denied.

28. Denied.

29. Denied.

30. R&A admits that Diane S. Rosenberg, Esq. is the managing member of R&A and that she gave a deposition in the case of *Scales v. Wachovia* in the Superior Court of the District of Columbia. R&A denies the remaining allegations in paragraph 30 of Plaintiff's Complaint.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## COUNTS II, III, and IV
**(Violations of the Maryland Consumer Protection Act, the Maryland Debt Collection Act and the District of Columbia Consumer Protection Procedures Act)**

41-44. By Order dated March 22, 2013 (Docket No. 46), the Court (i) dismissed all claims in Plaintiff's Complaint against Defendant Diane Rosenberg, Esq. and terminated her as a party to this action; (ii) dismissed all claims in Plaintiff's Complaint except for Plaintiff's claims pursuant to 15 U.S.C. § 1692e of the Fair Debt Collection Practices Act against Defendant R&A; and (iii) struck the class action allegations in Plaintiff's Complaint. By Notice

of Voluntary Dismissal of Counts II and IV from Plaintiff's Complaint, filed on August 8, 2012 (Docket No. 28), Plaintiff dismissed her claims under the Maryland Consumer Protection Act and the District of Columbia Consumer Protection Procedures Act.  Accordingly, no response to the allegations in paragraphs 41 through 44 of Plaintiff's Complaint is required, but to the extent any response is required, R&A denies the allegations in paragraphs 41 through 44 of Plaintiff's Complaint.

## CLASS ALLEGATIONS

45.-57.     By Order dated March 22, 2013 (Docket No. 46), the Court struck the class action allegations in Plaintiff's Complaint.  Accordingly, no response to the allegations in paragraphs 45 through 57 of Plaintiff's Complaint is required, but to the extent any response is required, R&A denies the allegations in paragraphs 45 through 57 of Plaintiff's Complaint.

## STATUTE OF LIMITATIONS/APPLICATION OF THE DISCOVERY RULE

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

## PRAYER FOR RELIEF

R&A denies that Plaintiff is entitled to the damages and relief requested in Plaintiff's "WHEREFORE" clause of the Complaint including subparts (A) through (F).

R&A denies all allegations contained in Plaintiff's Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim against R&A upon which relief may be granted.

2. Plaintiff's Complaint fails because R&A followed proper procedures under the Fair Debt Collection Practices Act ("FDCPA").

3. R&A denies that it is liable to Plaintiff in any amount or for any reason.

4. Plaintiff's damages, if any, were caused by the acts, negligence or fault of other persons or entities for whom R&A is not legally liable or responsible.

5. Plaintiff has failed to mitigate her damages, if any.

6. Plaintiff's claims are barred by setoff and/or recoupment.

7. Plaintiff's claims are barred by 15 U.S.C. § 1692k(c) because any alleged violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures by R&A reasonably adapted to avoid any such error.

8. Pursuant to 15 U.S.C. § 1692k(a)(3), R&A asserts that Plaintiff's Complaint was brought in bad faith and for the purpose of harassment, and R&A reserves the right to request an award of attorney's fees reasonable in relation to the work expended and costs.

9. R&A will rely upon all other defenses that are revealed by further investigation, discovery or the presentation of evidence and reserves the right to file an amended answer or other appropriate pleading as permitted by this Court.

WHEREFORE, for the foregoing reasons, Rosenberg & Associates, LLC, respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that Rosenberg & Associates,

LLC be awarded its costs and expenses, including reasonable attorneys' fees, and all other relief the Court deems appropriate.

Dated:  April 25, 2013	Respectfully submitted,

ROSENBERG & ASSOCIATES, LLC


	       /s/ Laurin H. Mills	
	Laurin H. Mills (MD Fed. Bar No. 09462)
	LeClairRyan, A Professional Corporation
	2318 Mill Road, Suite 1100
	Alexandria, VA  22314
	(703) 647-5903 (telephone)
	(703) 647-5953 (facsimile)
	Laurin.Mills@leclairryan.com

	Megan S. Ben'Ary
	J. Douglas Cuthbertson
	(admitted *pro hac vice*)
	LeClairRyan, A Professional Corporation
	2318 Mill Road, Suite 1100
	Alexandria, VA  22314
	(703) 684-8007 (telephone)
	(703) 684-8075 (facsimile)
	Megan.BenAry@leclairryan.com
	Douglas.Cuthbertson@leclairryan.com

	***Attorneys for the Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2013, I filed a copy of the forgoing using the Court's CM/ECF system, which sent an electronic copy to:

Ian Stumpf, Esq.
JR HOWELL & ASSOCIATES
1325 G Street, NW
Suite 500
Washington, DC  20005
istumpf@jrhlegalstrategies.com

        /s/ Laurin H. Mills
Laurin H. Mills (MD Fed. Bar No. 09462)
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, VA  22314
(703) 647-5903 (telephone)
(703) 647-5953 (facsimile)
Laurin.Mills@leclairryan.com

*Attorney for the Defendants*